## STINSON v. HAWKINS.*

*(Circuit Court, E. D. Missouri. June 15, 1883.)*

FRAUD—CONVEYANCE TO HINDER AND DELAY CREDITORS.

A mortgage executed to hinder and delay the mortgagor's creditors, and which purposely exaggerates the mortgagee's demand, and the object of which is known to the mortgagee at the time of its execution, is void as against such creditors.

Motion for a New Trial.

For a full statement of facts, and a report of the first trial, see 13 FED. REP. 833. The case was tried before a jury. The charge of the court was as follows:

TREAT, J., (*orally.*) *Gentlemen of the Jury:* The case that is before you for consideration is one, the like of which often occurs in the administration of justice. It seems that Mr. Hawkins, the defendant, of which there is no doubt, caused an attachment to be issued and levied on the supposed property of Mr. King, his debtor, which, of course, in law, he had a perfect right to/ do; but, on the other hand, it is asserted by the plaintiff that it was Mr. Stinson's property. It was Mr. Stinson's if the mortgage, of which you have heard so much, was a valid mortgage. Now, if that mortgage was a valid one, Mr. Stinson, the plaintiff in this case, who was the mortgagee, has the right to recover from this defendant for the value of the property taken away and lost. As possibly there might be some confusion with regard to the items, I have requested counsel to reduce those items to a short statement here for your guidance; in other words, the chattel mortgage from Mr. King to Mr. Stinson included a great many matters. The attachment issued at the instance of defendant, Hawkins, did not cover all the mortgaged property.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

The primary question would be, in that aspect of the case, what property included in his mortgage the defendant caused to be attached. There is no dispute that the defendant, Mr. Hawkins, was a creditor; no dispute that he did attach certain property. Some of that property was included in the mortgage made by King to Stinson before the attachment issued. The amount of the property we have anything to do with now under the writ of attachment is what was included in the Stinson mortgage, so if you reach the conclusion that plaintiff is entitled to recover, the inquiry is as to the value of the specific items which counsel on both sides have stated. If you find for plaintiff, you have to find the value of that specific property at the time the attachment was levied; but the strain of the case, as you have already seen, is more in another direction—that is, as to the validity of this mortgage between King and Stinson.

A debtor has a right to give a mortgage in good faith to secure an honest debt to any creditor. The defendant here contends that the mortgage in question, given by King to Stinson, was not an honest transaction, for Mr. King did not owe Mr. Stinson the amount claimed, or anything near that amount. Hence, the primary inquiry is, was that mortgage, given by King to Stinson, a mortgage made in good faith to secure Mr. Stinson in an indebtedness actually due from Mr. King to him? Suppose, on the other hand, he did owe to Mr. Stinson some sum of money, but not a sum equal in amount, or nearly eq: a' to it; the law says he can't cover up, for the benefit of Mr. King and to defeat other creditors, all his property on a fictitious demand, but should take a mortgage for the amount actually due him, and nothing more. Hence the inquiry is, the amount for which he made this mortgage due to Mr. Stinson. If it was not, leaving out any small miscalculations,—I mean made in an honest way,—if it was not, you will find for defendant; if it was honest,—a *bona fide* demand for which this security was given by King to Stinson,—then you will find a verdict for plaintiff, and finding it you will get the value of the property as herein stated, in the light of the testimony offered.

To make myself more generally understood, it is one of the cases that often occur in court. There is a race of diligence among creditors. Each wishes to secure himself; but each must act in good faith, and take security merely for his debt, and not for a fictitious amount, or for a demand largely beyond the amount he owes, in order to hinder, deter, or defeat other creditors, or to delay, postpone, or involve them in loss. Hence, primarily, the question is, is the amount named

in the mortgage, from King to Stinson, a *bona fide* debt due from King to Stinson? If it was, you should find for plaintiff, and assess damages at what you think they are. If, on the other hand, you reach the conclusion that no such debt was due,—that this was a mere scheme to enable Stinson to cover King's property, and hold other creditors at arm's length,—you will have to find for defendant. ·

The jury found a verdict for the defendant, and the plaintiff thereupon filed a motion for a new trial.

*David Murphy*, for plaintiff.

*Valliant & Thoroughman*, for defendant.

TREAT, J. This case has been twice presented to a jury in this court, and once in the state court. The verdict at the first trial here was set aside for satisfactory reasons. At the second, as on the first trial, there was inconsistent testimony, of which the jurors were alone to judge. Counsel for the plaintiff urges several reasons for a new trial, the principal of which is misdirection of the court, and in support of his motion several cases are cited. On a careful review, not only of the cases cited, but of the general doctrine applicable to the main inquiry, it is not seen that the legal views enunciated by the court were erroneous, or calculated to mislead. True, the court might have entered more largely than it did into the nice distinctions governing transfers of property to secure an honest debt, and transfers for purposes fraudulent in fact or in law. The aspect of the case as submitted to the jury did not seem to call for such elaborate expositions, for they often serve to confuse rather than instruct. it is apparent to the court that the conveyance of King to Stinson was for a grossly exaggerated demand, and was designed by King to cover his property from the demands of honest creditors, including the defendant, and that Stinson participated therein, knowing King's purpose, and exaggerating the demand secured, in order that all of King's property might be saved. This was not an ordinary case of diligence, permissible in law, but one that the law, under the facts presented, pronounces void. There is no adequate reason to disturb the verdict.